STATE OF MISSOURI at the relation of EUGENE JACKSON, Plaintiff, v. JAMES F. GRAHAM, Respondent.

**Kansas City Court of Appeals, January 24, 1910.**

1. **STATUTORY CONSTRUCTION: Amendatory Statutes: Repeal.** It is a familiar rule of construction that in the absence of an express provision to that effect, a later statute will not repeal a former one when the two are not irreconcilably inconsistent and can stand together.

2. **————: Dramshops: Conflict Between Statutes and Municipal Ordinances: License: Procedure.** The act of May 13, 1907, amending chapter 22, Revised Statutes 1899, entitled, Dramshops, does not repeal the provisions of all special charters giving to certain cities sole power to license, tax and regulate dramshops within their limits. The purpose of the Legislature however, evidently was to provide a uniform method regulating dramshops, and an applicant for a dramshop license in such a city must proceed under the statute and not under the charter and ordinances of such city.

Original Proceedings by Mandamus.

*Jones & Conkling* and *Busby & Busby* for relator.

*James F. Graham* and *Lozier, Morris & Atwood,* for respondent, filed argument.

BROADDUS, P. J.—This is a proceeding by mandamus instituted in this court, to compel the respondent as mayor of the town of Carrollton to sign a dramshop license, granted by the town council, on October 9, 1909, to the relator.

It is conceded that the town of Carrollton since March 20, 1871, was a municipal organization under a special charter emanating from the State at said date and various amendments since enacted. It is also admitted that prior to the enactment of certain amend-

ments to chapter twenty-two of the Revised Statutes of 1899, entitled dramshops, the town of Carrollton under its charter by and through its council had the sole and exclusive power to license, tax and regulate dramshops for the sale of intoxicating liquors. The city council granted to the relator a license to keep a dramshop within the limits of the town. Under the ordinances of the town the mayor was required to countersign said license in order to render it effective, which he refused to do, and this proceeding is to compel him to comply with the ordinance in that respect.

It may be conceded for the purposes of the case, that the relator is a proper person to conduct a dramshop, and that he has fully complied with the charter and ordinances of the town regulating the issuing of such licenses and that he is entitled to his remedy unless the charter power regulating the manner of issuance of such license has been taken from the town by the act of May 13, 1907, amending chapter twenty-two, Revised Statutes of 1899, entitled, dramshops.

Under section 3018 as amended it is provided that: "The provisions of this article shall apply to and be enforced in every incorporated town and city of this State whether incorporated by special charter or under the general law regulating cities, towns and villages, any ordinance of any city, town or village to the contrary notwithstanding."

Under section 2993 of the Dramshop Act: "Application for a dramshop shall be made in writing to the county court and shall state specifically where the dramshop is to be kept, and if the court shall be of the opinion that the applicant is a law-abiding, assessed taxpaying male citizen above twenty-one years of age, the court may grant a license for six months: Provided, however, that if the court shall be of the opinion that the applicant is a law-abiding person as aforesaid, and the petition in section 2997 of this article contains the proper names thereto of two-thirds of the assessed tax-

paying citizens and guardians of minors owning real estate," etc.

Section 3008 of the original act provides that: "The proper authorities of incorporated towns or cities may impose a tax on licenses to dramshop keepers within their limits."

The town of Carrollton by a majority of its council issued a license to relator without his having complied with section 2997, of the statute; but in so doing they followed the directions of the town ordinances.

If the purpose of the Legislature in enacting section 3108 of the amendment was to take away from cities and towns operating under special charters the power to regulate the issuing of such licenses the relator is not entitled to the relief asked.

The respondent contends that the effect of the amendment is to repeal the provisions of all special charters giving to certain cities and towns sole power to license, tax and regulate dramshops within their limits.

In our opinion such is not the effect. It is not wholly a repealing statute, but an amendatory one. It contains no express provision to that effect. And we do not think the language necessarily implies a repeal. It is a familiar rule of construction that a later statute will not repeal a former one when the two are not irreconcilably inconsistent and can stand together.

The effect of the amendment was not to take away from cities or towns governed by special charters the sole right to tax and license dramshops, but the power only to regulate. There is not a word to be found in the entire act as amended which by any kind of interpretation limits the power of such municipalities except the power of regulation. The amendment does not pretend to affect the charter rights of such municipalities but limits its scope to their ordinances in express terms, viz., "any ordinance of any city, town or village

to the contrary notwithstanding." The power of the State to regulate under the act and the power of the municipalities to license and tax are not inconsistent and both may stand and work harmoniously.

It seems to us the only object the Legislature had in view was to provide a uniform method regulating dramshops. Under the amended act additional provisions are made, such as prohibiting the issuing of licenses to certain persons and corporations as provided in section 2990; another prohibiting their assignment; another granting the remonstrating citizens greater and fuller opportunities to be heard on their protests; and others equally important. There is no reference made anywhere in the act as to the right of municipalities to tax and license dramshop keepers except as found in section 3018, which was included in the act before the amendment. And this section can no more effect the power of municipalities acting under special charter as it now stands than it did formerly.

The argument of the relator is that the effect of the amendment is to take from such municipalities the sole power to license and tax, but not to regulate. In other words that the right of the State and municipalities to license and tax are concurrent, but the power of regulation is unaffected, by the amendment. But as we have seen, it only refers to ordinances and not to charters. It is true the right to regulate is a charter power, which is exercised by ordinance, and taking away the power to regulate by ordinance, by implication amends or modifies the charter *pro tanto*. The power to regulate still exists but it must be exercised in the way pointed out by the State, and it may therefore be said to be both a State and municipal regulation.

The question is so one sided that it is not necessary to further discuss it. The writ is dismissed. All concur.